# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00334-CV

---

**Mary Cheney, As Surviving Spouse of Eric Cheney, Appellant**

**v.**

**The Levy Company, Appellee**

---

### NO. 03-19-00335-CV

---

**Mary Cheney, As Surviving Spouse of Eric Cheney, Appellant**

**v.**

**Iteris, Inc., Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 286720-C, THE HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

---

## O R D E R

**PER CURIAM**

In these causes, Mary Cheney, As Surviving Spouse of Eric Cheney, has sought to invoke our jurisdiction to review interlocutory orders through petitions for permissive appeal under Subsection 51.014(f) of the Texas Civil Practice and Remedies Code.[1] Accompanying

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) ("An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the

Cheney's petitions are orders from the district court that satisfy Subsection (d). The petitions are unopposed. We agree with Cheney that the appeals are warranted and we accept them.[2] These appeals will proceed under the rules governing accelerated appeals, and for those purposes the date of this order is deemed the date the notice of appeals were filed.[3]

On our own motion, we consolidate these appeals for purposes of briefing and consideration.

It is ordered on July 25, 2019.

Before Chief Justice Rose, Justices Kelly and Smith

---

date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d)."); *see also id*. § 51.014(d) ("a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation"); Tex. R. App. P. 28.3 (implementing rule).

[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014(f).

[3] *See id*.; Tex. R. App. P. 28.3(k).